# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 52180

<table>
<tr><td>

STATE OF IDAHO,

      **Plaintiff-Respondent,**

v.

PAUL A. WALKENSHAW,

      **Defendant-Appellant.**
</td><td>

) <br>
)   **Filed: August 13, 2025** <br>
) <br>
)   **Melanie Gagnepain, Clerk** <br>
) <br>
)   **THIS IS AN UNPUBLISHED** <br>
)   **OPINION AND SHALL NOT** <br>
)   **BE CITED AS AUTHORITY** <br>
) <br>
)
</td></tr>
</table>

Appeal from the District Court of the First Judicial District, State of Idaho, Shoshone County. Hon. Barbara Duggan, District Judge.

Judgment of conviction and unified sentence of six years, with a minimum period of confinement of two years, for possession of a controlled substance with the intent to deliver, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for respondent.

---

Before HUSKEY, Judge; LORELLO, Judge;
and TRIBE, Judge

---

PER CURIAM

Paul A. Walkenshaw pled guilty to possession of a controlled substance with the intent to deliver. Idaho Code § 37-2732(a)(1)(A). In exchange for his guilty plea, an additional charge was dismissed and a separate case was dismissed in its entirety. The district court sentenced Walkenshaw to a unified term of six years, with a minimum period of confinement of two years. Walkenshaw filed an Idaho Criminal Rule 35 motion, which the district court denied.[1]

---

[1] On appeal, Walkenshaw does not challenge the district court's denial of his Rule 35 motion for reduction of sentence.

Walkenshaw appeals, arguing that his sentence is excessive and that the district court should have placed him on probation or retained jurisdiction.

Sentencing is a matter for the trial court's discretion. Both our standard of review and the factors to be considered in evaluating the reasonableness of the sentence are well established and need not be repeated here. *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007). Our role is limited to determining whether reasonable minds could reach the same conclusion as the district court. *State v. Biggs*, 168 Idaho 112, 116, 480 P.3d 150, 154 (Ct. App. 2020).

Applying these standards, and having reviewed the record in this case, we cannot say that the district court abused its discretion. Therefore, Walkenshaw's judgment of conviction and sentence are affirmed.